**COURT ROOMS OF AMERICA, INC., Daniel L. Roberts and Peggy D. Roberts, Appellants,**

v.

**Alan DIEFENBACH and Susan Diefenbach, Appellees.**

No. 981S226.

Supreme Court of Indiana.

Sept. 1, 1981.

Donald B. Steininger, Robert E. Ross, Fort Wayne, for appellants.

Max A. Myers, Fort Wayne, for appellees.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals. Petitioners here are plaintiffs below, where the trial court entered summary judgment for them in the amount of $30,-600. The Court of Appeals found the trial court improperly entered said judgment since it was based on a liquidated damages provision of the contract and amounted to an unenforceable penalty clause. The judgment of the trial court was reversed by the Court of Appeals and remanded for trial on plaintiff's damages.

Prior to January 17, 1978, Court Rooms of America, Inc., was an Indiana corporation. Daniel and Peggy D. Roberts and Alan and Susan Diefenbach were the sole stockholders of the corporation. The Diefenbachs and the Roberts' were all four individually and personally obligated as guarantors of various commercial loans granted to Court Rooms of America, Inc., by the Fort Wayne Federal Savings and Loan Association and the Anthony Wayne Bank. On January 17, 1978, the Diefenbachs entered into a sales agreement with Court Rooms to sell to it all of their stock in the corporation. The Roberts' signed the agreement as guarantors of the purchase.

This agreement was encompassed in three documents. The closing agreement itself set the purchase price at $110,000 and provided that 25% of that amount was to be paid on January 17, 1978, and a like amount on February 17, March 17, and April 17, 1978. The sales agreement was signed by the Diefenbachs, Daniel Roberts as President of Court Rooms, and both of the Roberts' as individual guarantors. A separate guarantee clause was placed at the end of the sale agreement whereby the Roberts' individually guaranteed prompt and satisfactory performance of the entire agreement. As the Court of Appeals observed, this made them jointly and severally liable for all of Court Rooms' obligations under the agreement. *Court Rooms' of America, Inc. v. Diefenbach*, (1980) Ind.App., 413 N.E.2d 1029, 1031. The indemnity agreement required Court Rooms to obtain releases of the Diefenbachs' personal liability on loans to Fort Wayne Federal Savings and Loan and the Anthony Wayne Bank. The indemnity agreement provided that the releases were to be supplied to the Diefenbachs by July 1, 1978. Under caption of "3. Damages on failure to provide releases." it was provided that should the buyer fail to provide the sellers with written proof of release of their personal liabilities, the sellers would be entitled to receive as damages for such failure the sum of $100.00 per day for so long as any portion of the personal liability shall remain in effect. It further provided that payment of liquidated damages should be paid monthly beginning August 5, 1978, and the fifth day of each month thereafter until release is obtained. It further provided that if releases were not furnished by December 15, 1978, the sellers would then have the right to institute suit for specific performance of this agreement in addition to the receipt of damages.

When Court Rooms failed to pay the last installment and also failed to obtain the releases from the Fort Wayne Banks, the Diefenbachs filed a three-count complaint basing the first two counts upon the failure to pay such final installment and the third count on the failure of Court Rooms to secure the release from the Fort Wayne Federal Savings and Loan. Summary judgment was entered in favor of the Diefenbachs on the first two counts and this portion of the judgment was paid by defendants. Issue remained on the third count where the court granted summary judgment based on the Diefenbachs' allegation and evidence that Court Rooms failed to secure the requisite liability release from Fort Wayne Federal until 306 days after the time prescribed in the contract. In response to the third count, Court Rooms and the Roberts' asserted that they had obtained and tendered to the Diefenbachs a full release of their personal liability on the loan from the Anthony Wayne Bank and a conditional release from Fort Wayne Federal. The Diefenbachs filed affidavits supporting their motion for summary judgment which tended to show the following:

"1) Fort Wayne Federal did not release the Diefenbachs until May 3, 1979—306 days after the due date.

2) The Diefenbachs' contingent liability on this loan was in excess of $300,000.

3) Although the basis of the liquidated damages was not mentioned in the contract, the Diefenbachs in their affidavit stated:

"That the original draft documents considered as closing documents called for a liquidated damage provision of $\frac{1}{10}$ of 1% of the unreleased amount upon which the plaintiffs remained obligated; which amounted to a per diem sum in excess of $300.00 and constituted the equivalent of an interest rate very close to that charged by area finance companies.

It was next suggested in refining the papers that the liquidated damage clause be replaced by a provision for an agreed $180.00 per day award to plaintiffs for the failure to obtain the release of liability. Finally it was agreed upon by the parties that a figure of $100.00 per day would be appropriate in the circumstances and this clause was made a part of the agreement of the parties."

4) Due to this continuing liability the Diefenbachs claimed substantially reduced credit power which adversely affected them in that:

a) they were denied financing for a new home at an interest rate of 9.5% after which the interest rate increased to over 10.5%;

b) the contingent liability interfered with their proposed purchase of Royal Typewriter Company of Fort Wayne, Ind. which was at that time earning approximately $40,000 per year;

c) a preliminary investigation for the possible purchase of an auto dealership brought discouraging results since the auto manufacturer's representatives learned of the contingent liability and it would have had to appear on a financial statement in support of the Diefenbachs' application for the dealership; and

d) the Diefenbachs were unable to utilize the proceeds of the stock sale to Court Rooms to enter numerous profitable ventures due to the contingent liability."

Ind.App., 413 N.E.2d at 1031.

Defendants filed no counter-affidavits nor any response to plaintiffs' motion for summary judgment on this third count. The Court of Appeals found that there was no real dispute in the facts before the trial court and that the sole question left to answer was whether the liquidated damages were invalid as a penalty thereby requiring the Diefenbachs to show actual damages. The Court of Appeals found that the $100.00 a day here was, in fact, a penalty and accordingly reversed the judgment of the trial court. We find the Court of Appeals to be in error in doing so and accordingly vacate the Court of Appeals opinion.

It is clear that all the parties intended to enter into the contract that they did and they well understood the provisions of that contract and their duties and obligations thereunder. There is no conflict in any of the facts before the trial court. All of these parties appeared to be experienced in business operations and investments and it appears that all of them thought that $100.00 a day liquidated damages was a fair amount at the time the contract was entered into and were willing to contract in that manner. For us to find, as did the Court of Appeals, that at this point $100.00 a day is out of proportion to the damages suffered by the Diefenbachs and therefore it is a penalty, is nothing more than speculation by this Court. It is certainly not incumbent on the appellate courts of Indiana to change the contracts of people, after the fact, in the name of public policy. We have refused to enforce contracts when their provisions are unconscionable or when they offend the laws of this State, but there must be a clear showing by the party urging it that the contract provision was nothing more than mere penalty. The issue is one to be resolved by the trial court on the basis of the pleadings filed before it and the facts and circumstances presented in the evidence. *Lettellier v. Abilene Flour Mills Co.*, (1935) 101 Ind.App. 20, 198 N.E. 111, 114; *Shel-Al Corp. v. American National Insurance Co.*, (5th Cir. 1974) 492 F.2d 87.

No such affirmative issue was raised by the defendant at the trial level. The court was justified in entering the judgment it did based on the pleadings before it. Transfer is granted and the judgment of the trial court is in all things affirmed.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., dissents without opinion.